IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LEEALVY MILLER, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| V. | : | |
| | : | **NO. 5:22-cv-00084-MTT-CHW** |
| WARDEN WILLIAM | : | |
| STEEDLEY, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

Plaintiff Leealvy Miller, a prisoner in Wilcox State Prison in Abbeville, Georgia, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Compl., ECF No. 1. Plaintiff has also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.  As set forth below, Plaintiff's motion to proceed *in forma pauperis* is now **GRANTED**.  Thus, Plaintiff's complaint is ripe for preliminary review.  On that review, it is now **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for the reasons discussed herein.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee.  *See* 28 U.S.C. § 1915(a).  A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a

certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint."   28 U.S.C. § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee.   Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**.   Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below.   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

I.      Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to

Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full.   The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00.   The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.      Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

## I.      Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's recast complaint is now ripe for preliminary review.   *See* 28 U.S.C. § 1915A(a)

3

(requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).   When performing this review, the court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."   *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Factual Allegations

In the complaint, Plaintiff asserts that, on December 1, 2020, he was in a dorm when he was stabbed twenty-two times due to gang activity. Compl. 5, ECF No. 1. Officer Cannon was the only officer supervising two different pods in the dorm, and she was in the other pod when the stabbing happened. *Id.* Plaintiff asserts that, if the officer had been in the dorm, he may not have been stabbed. *Id.* Following the attack, Plaintiff was put into segregation and was denied the opportunity to address the incident. *Id.* Plaintiff named Calhoun State Prison Warden William Steedley and Officer Cannon as the defendants to this action. *Id.* at 4.

II.   Plaintiff's Claims

Plaintiff's allegations implicate a potential claim for deliberate indifference to safety. To state an Eighth Amendment claim for exposure to unsafe conditions, a

prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk. *Id.* at 1289-90. If the defendant took action that reasonably responded to the risk, the defendant will not be held liable, even if the harm was not averted. *Id.* at 1290.

Plaintiff has arguably asserted facts suggesting that there may have been a dangerous condition, insofar as he was stabbed twenty-two times. Plaintiff does not, however, allege any facts showing that either of the named defendants was deliberately indifferent to a risk of harm to Plaintiff. In particular, Plaintiff does not assert facts to demonstrate that either of the defendants knew that there was a particular risk of harm to Plaintiff from his attacker.

Plaintiff generally suggests that the conditions at the prison were dangerous by asserting that gang activity put his life in danger. He does not, however, support this broad and general implication by setting forth any specific facts showing that there was such a level of violence in the prison that the defendants were generally on notice of a risk of harm to Plaintiff. Accordingly, he has not shown that either defendant was aware of a risk of harm to Plaintiff and disregarded the danger. It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT**

**PREJUDICE** for failure to state a claim.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Order and Recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 17th day of March, 2022.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge